Mr. Justice MacArthur
delivered the opinion of the court:
After stating the case and going into an examination of the questions of law raised by the assignment of errors, he *459 announced the following propositions as presenting the conclusions of the court:
1. The contract of February 5, 1875, while it remained unperformed, was subject to any legislative enactment which Congress might deem proper for the public interest. After March 3,1875, there was no other power than that contained in the provisions of the act of that date to publish a tax list. It is conceded that no special contract was entered into under this statute. A majority of the court are therefore of opinion that the work is to be considered as being done without any special agreement, and that the' plaintiff is entitled to recover what it is fairly and reasonably worth.
2. The testimony offered by the defendant to prove the cost of composition, publication, and distribution in á job printing office of a tax list like the one in question, was improperly admitted against the plaintiff’s objection, and the exception thereto is sustained.
3. The testimony of defendant to prove a mere offer or proposition made in 1876 by the proprietors of “The Daily Critic,” to publish the tax list for that year, was .also incompetent, and the exception thereto is sustained.
These two exceptions are sustained by all the judges who heard the case, and a new trial is therefore allowed.
Humphreys, J.,
expressed his opinion to be, that the plaintiff was entitled to the benefit of the contract of February 5, 1875, and also concurred in the decision granting a new trial for the error contained in the exceptions last mentioned.